FIFTH DIVISION
November 24, 2010

No. 1-10-0100

NIKOLA PRITZA,                                             )
                                                          )          Appeal from the
          Plaintiff-Appellant,                            )          Circuit Court of
                                                          )          Cook County,
          v.                                              )
                                                          )          08 CH 05099
THE VILLAGE OF LANSING, a Municipal                       )
Corporation, and ILLINOIS MUNICIPAL RISK                  )          The Honorable
LEAGUE MANAGEMENT ASSOCIATION,                            )          Martin S. Agran,
                                                          )          Judge Presiding.
          Defendants-Appellees,                           )
                                                          )

          JUSTICE TOOMIN delivered the opinion of the court:

          In this appeal, we determine whether the Illinois Municipal League Risk Management

Association (IMLRMA), a risk management pool, is a form of self-insurance such that

participating municipalities are exempted from certain requirements of the Illinois Safety and

Family Financial Responsibility Law under the Illinois Vehicle Code (625 ILCS 5/7-100 *et seq*.

(West 2008)), and the underinsured coverage requirement of the Illinois Insurance Code (215

ILCS 5/143 (West 2008)).

          Plaintiff-appellant, Nikola Pritza, filed the instant declaratory judgment action seeking

reformation of a policy issued by defendant IMLRMA to codefendant, the Village of Lansing,

Illinois, to include underinsured motorist coverage.  Plaintiff's original complaint seeking

uninsured motorist coverage was previously dismissed because the vehicle at issue was insured.

Plaintiff did not appeal the dismissal but instead brought a claim for underinsured motorist

coverage.  The IMLRMA policy does not include underinsured motorist coverage.  The court

granted defendants' motion for summary judgment, finding that IMLRMA was not insurance and Lansing was self-insured and therefore not subject to section 143a-2 of the Insurance Code (215 ILCS 5/143a-2 (West 2000)) or section 155 (215 ILCS 5/155 (West 2000)). Defendants argue the statutory provisions do not apply to Lansing because it is exempt as a municipality and do not apply to either Lansing or IMLRMA because the IMLRMA agreement is not an insurance "policy" and defendants are not "insurers"; rather, Lansing's participation in the IMLRMA is self-insurance. For the following reasons, we affirm that judgment.[1]

BACKGROUND

On January 25, 2000, Terry Williams, parked his Buick Park Avenue vehicle and entered a Burger King restaurant. WIlliams left his vehicle unattended with the engine running and the keys in the ignition. Timothy Cooper stole the vehicle. Williams witnessed the event and immediately contacted the police, who then pursued Williams. Cooper lost control and struck a vehicle operated by plaintiff, Nikola Pritza, a police officer with the police department for defendant Village of Lansing, Illinois. Officer Pritza suffered injuries to his neck and was taken by ambulance to the hospital. Cooper was arrested and later convicted. Plaintiff filed a claim and received benefits pursuant to the Illinois Workers' Compensation Act (820 ILCS 305/1 *et seq.*

---

[1] We previously filed a Rule 23 order (166 Ill. 2d R. 23) but, subsequent to defendants-appellees' motion to publish, withdrew our order and filed this opinion to clarify Illinois law regarding the status of the IMLRMA as a noninsurer and municipalities that participate therein as self-insurers in the context of insurance coverage requirements of section 143a-2 of the Insurance Code (215 ILCS 5/143a-2 (West 2000)).

1-10-0100

(West 2000)).

Plaintiff also filed a two-count complaint alleging negligence against both Williams and Cooper. Cooper sought to obtain coverage through his insurer, State Farm Insurance Company (State Farm). State Farm filed suit for declaratory judgment and moved for summary judgment, arguing that it had no duty to defend or indemnify Cooper as he was not a permissive user of Williams' vehicle at the time of the occurrence. The trial court granted State Farm's motion. Williams did not produce any evidence that he was insured. Plaintiff nonsuited his complaint against Williams and Cooper and requested copies of any vehicle liability insurance policies maintained by Lansing, but Lansing did not forward any such insurance policies.

Plaintiff refiled his cause of action against Williams and Cooper. However, Williams then disclosed that he indeed had liability insurance coverage under a policy issued by Foremost Property and Casualty Insurance Group, in the amount of $20,000. The policy limits were offered to plaintiff to settle the action. Plaintiff notified Lansing of his intent to accept the settlement offer of $20,000, pursuant to the requirements of the Workers' Compensation Act. Lansing did not object, and plaintiff settled the action against Williams. Thereafter, a default judgment was entered against Cooper in the amount of $250,000.

On August 19, 2005, plaintiff directed further correspondence to Lansing, demanding arbitration for plaintiff's claim for any uninsured motorist coverage maintained by Lansing. Lansing informed plaintiff that coverage was provided by IMLRMA. In turn, plaintiff filed a request for arbitration with the American Arbitration Association, but defendants refused to participate in arbitration.

3

On February 8, 2008, plaintiff filed a complaint for declaratory judgment seeking uninsured motorist coverage as well as damages inuring from defendant's vexatious withholding of policy benefits under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2000)). Plaintiff alleged IMLRMA was an insurance company authorized to issue policies of insurance. Defendants moved to dismiss based on the fact that the IMLRMA agreement did not contain any provision for uninsured motorist coverage. On October 2, 2008, the court entered its dismissal of plaintiff's complaint, ruling that the vehicle driven by Cooper was not uninsured. In its order, the court granted plaintiff leave to file an amended complaint.

Thereafter, plaintiff filed an amended complaint, seeking reformation of the IMLRMA agreement to include a provision for underinsured motorist coverage. Defendants moved to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)), arguing that as a municipality, Lansing was exempt from the Illinois Safety and Family Financial Responsibility Law requirements under the Illinois Vehicle Code (625 ILCS 5/7-203 (West 2000)) and the underinsured coverage requirement of the Illinois Insurance Code (215 ILCS 5/143 (West 2000)). The court denied the motion. The parties subsequently filed cross-motions for summary judgment. On December 8, 2009, the court granted defendants' motion, finding that IMLRMA was not an insurance carrier and Lansing as a member was self-insured and not subject to section 143a-2 of the Illinois Insurance Code (215 ILCS 5/143a-2 (West 2000)). Plaintiff thereafter appealed, seeking review of both the October 2, 2008, order dismissing his original complaint, and the court's December 8, 2009, order. We hold we are without jurisdiction to review the October 2, 2008, judgment and therefore dismiss that portion of the instant appeal,

but review and affirm the court's December 8, 2009, judgment.

ANALYSIS

Plaintiff maintains the court erred in granting both defendant's motion to dismiss the original complaint for uninsured motorist coverage and subsequent motion for summary judgment on the amended complaint for reformation to include underinsured motorist coverage. Plaintiff further asserts defendant IMLRMA violated Insurance Code section 155 (215 ILCS 5/155 (West 2000)). Regarding plaintiff's dismissed uninsured motorist coverage claim, defendants contend: (1) plaintiff abandoned the allegations in his original complaint; and (2) plaintiff was not entitled to uninsured motorist coverage under the IMLRMA agreement because the owner of the vehicle had insurance and plaintiff obtained a settlement from the owner's insurer. Regarding plaintiff's underinsured motorist coverage claim, defendants maintain: (1) the IMLRMA agreement does not provide underinsured motorist coverage, and if there was such coverage it was excluded; (2) the Insurance Code does not apply to defendants because neither of them is an insurer and the IMLRMA agreement is not an insurance policy; and, further, (3) the Insurance Code does not apply to defendant Lansing because municipalities are exempt.

We first address defendants' contention that plaintiff abandoned his uninsured motorist coverage allegations in the original complaint when he filed his amended complaint. In response, plaintiff submits that the court granted him leave to file an additional theory; he restated all the facts from the original complaint, but pled in the alternative that he was entitled to underinsured motorist coverage.

We find merit to defendants' contention. Illinois courts adhere to the well-established

principle that where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn. *Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35, 61, 610 N.E.2d 51, 63 (1992), citing *Bowman v. County of Lake*, 29 Ill. 2d 268, 272, 193 N.E.2d 833, 835 (1963). Allegations in a former complaint, not incorporated in the final amended complaint, are deemed waived. Thus, when a party files such an amended complaint, he thereby waives any objection to the trial court's ruling on the former complaint. *Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35, 61, 610 N.E.2d 51, 63 (1992), citing *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153, 449 N.E.2d 125, 126 (1983), citing *Bowman*, 29 Ill. 2d at 272, 193 N.E.2d at 835.

Notwithstanding the efficacy of this salutary principle, we cannot address any issues on appeal stemming from plaintiff's original complaint for declaratory judgment for uninsured motorist coverage, as we lack jurisdiction. Though plaintiff also contends, in response to defendants' abandonment argument, that the October 2, 2008, judgment was not appealable because it did not contain Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) language, it is well established that a declaratory judgment has the force of a final judgment with respect to the rights of the parties subject to that judgment. *Universal Underwriters Insurance Co. v. Judge & James, Ltd.*, 372 Ill. App. 3d 372, 380, 865 N.E.2d 531, 540 (2007), *appeal denied*, 225 Ill. 2d 678, 875 N.E.2d 1125 (2007), citing *Board of Trustees of Addison Fire Protection District No. 1 Pension Fund v. Stamp*, 241 Ill. App. 3d 873, 881, 608 N.E.2d 1274, 1282 (1993). The statute allowing for such relief provides for the finality of declaratory judgments within its own language. *Djikas v. Grafft*, 344 Ill. App. 3d 1, 10, 799 N.E.2d 887, 895 (2003), citing 735 ILCS 5/2-701(a) (West

2000). Section 2-701(a) of the Illinois Code of Civil Procedure (Code) provides:

"No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, *having the force of final judgments*, whether or not any consequential relief is or could be claimed, including the determination *** of the construction of any *** contract or other written instrument, and a declaration of the rights of the parties interested." (Emphasis added.) 735 ILCS 5/2-701(a) (West 2008).

" '[F]inality attaches to a declaratory judgment on the date judgment is entered.' " *Universal Underwriters Insurance Co.*, 372 Ill. App. 3d at 380, 865 N.E.2d at 540, quoting *Djikas*, 344 Ill. App. 3d at 10, 799 N.E.2d at 895. Illinois Supreme Court Rule 301 provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal." 155 Ill. 2d R. 301. Illinois Supreme Court Rule 303(a)(1) provides that the notice of appeal from final judgments in civil cases must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment. 210 Ill. 2d R. 303(a)(1).

In *Universal Underwriters Insurance Co.*, the plaintiff insurance company brought a legal malpractice action against its attorneys, alleging that they were negligent in not appealing from orders in the underlying proceeding. We held there was no merit to the attorneys' argument that an order entered in a declaratory judgment action was not final and appealable. *Universal Underwriters Insurance Co.*, 372 Ill. App. 3d at 382, 865 N.E.2d at 542. The order fixed absolutely the rights of the parties on issues concerning insurance coverage and left no issues

7

remaining; the fact that the parties could have filed motions concerning arbitration and other issues did not make the order not final or appealable. *Universal Underwriters Insurance Co.*, 372 Ill. App. 3d at 381, 865 N.E.2d at 541.

Likewise, here the court's judgment order of October 2, 2008, fixed absolutely the rights of plaintiff and defendants on plaintiff's claim for declaratory judgment for uninsured motorist coverage. Consequently, if plaintiff wished to appeal that judgment, he was required to do so within 30 days. Supreme Court Rule 303(a)(1) provides, in pertinent part:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order, irrespective of whether the circuit court had entered a series of final orders that were modified pursuant to postjudgment motions." 210 Ill. 2d R. 303(a)(1).

The fact that plaintiff was allowed leave and amended his complaint, and that there was further briefing on another claim for declaratory judgment based on underinsured motorist coverage, avails plaintiff nothing. According to section 2-1203 of the Code, only motions for rehearing, retrial, modification of the judgment, or vacation of a judgment qualify as posttrial motions directed against the judgment, which extend the 30-day deadline for filing a notice of appeal. 735 ILCS 5/2-1203 (West 2008). See also *Djikas*, 344 Ill. App. 3d at 7-8, 799 N.E.2d at 893.

Here, plaintiff did not file any motion directed against the judgment entered on October 2,

8

2008. Thus, there was no extension and plaintiff was required to file his appeal of that judgment on November 3, 2008. Instead, plaintiff filed his amended complaint and the case proceeded until the court granted summary judgment over a year later, on December 8, 2009. "It is well settled that this court will not be invested with subject matter jurisdiction by a notice of appeal which is untimely." *Djikas*, 344 Ill. App. 3d at 7, 799 N.E.2d at 893. Thus, we plainly lack jurisdiction to review the October 2, 2008, judgment entered on the original complaint holding that plaintiff is not entitled to uninsured motorist coverage.

Plaintiff did, however, timely file an appeal from the court's grant of summary judgment on December 8, 2009, denying his claim for declaratory judgment based on underinsured motorist coverage in his amended complaint, and thus we proceed to review this issue.

The court granted summary judgment in favor of defendants on plaintiff's amended complaint pursuant to section 2-1005(b) of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1005(b) (West 2008). Summary judgment should be granted "without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). See also *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992), citing *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). Summary judgment is appropriate only where there is no genuine issue of material fact and the pleadings, depositions, and affidavits show that the moving party is entitled to a judgment as a matter of law. *Farm Bureau Mutual Insurance Co. v. Alamo Rent A Car, Inc.*, 319 Ill. App. 3d 382, 386, 744 N.E.2d 300, 302 (2000).

1-10-0100

Summary judgment orders are reviewed *de novo*. *Outboard Marine Corp*, 154 Ill. 2d at 102, 607 N.E.2d at 1209.

Defendants maintain that section 143a-2 of the Insurance Code (215 ILCS 5/143a-2 (West 2008)) does not apply to Lansing for two reasons: (1) it is exempt as a municipality; and (2) coverage under the IMLRMA is not an insurance "policy" and defendants are not "insurers," but rather Lansing's participation in the IMLRMA is self-insurance.

In analyzing defendant's first argument, we begin with an overview of the pertinent statutory provisions. Under the Illinois Vehicle Code (625 ILCS 5/7-100 *et seq*. (West 2000)) (Vehicle Code), the Illinois Safety and Family Financial Responsibility Law requires security (625 ILCS 5/7-201 (West 2000)) unless one of the exceptions in section 7-202 is met, in which case the requirements shall not apply. See 625 ILCS 5/7-202 (West 2000). One of the exceptions listed under section 7-202 is if the driver or owner carried motor vehicle accident liability insurance. 625 ILCS 5/7-201(1), (2) (West 2000). Section 7-203 of the Vehicle Code provides that every such policy shall be subject to a minimum limit of $20,000 for bodily injury or death of any one person due to a motor vehicle accident. 625 ILCS 5/7-203 (West 2000). Section 143a-2 of the Illinois Insurance Code then further mandates underinsured motorist coverage, if such policy has a limit exceeding that of section 7-203 of the Vehicle Code:

"On or after July 1, 1983, no *policy* insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle designed for use on public

10

highways and required to be registered in this State unless underinsured motorist coverage is included in such policy in an amount equal to the total amount of uninsured motorist coverage provided in that policy *where such uninsured motorist coverage exceeds the limits set forth in Section 7-203 of the Illinois Vehicle Code*." (Emphasis added.) 215 ILCS 5/143a-2 (West 2000).

Section 143a-2(4) of the Insurance Code provides as follows:

"For the purpose of this Code the term 'underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in the *policy*, and for which the sum of the limits of liability under all *bodily injury liability insurance policies or under bonds or other security* required to be maintained *under Illinois law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle*, is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident." (Emphasis added.) 215 ILCS 5/143a-2(4) (West 2000).

However, the above requirements apply where liability coverage was purchased as an exception to the Illinois Safety and Family Financial Responsibility Law under the Vehicle Code (625 ILCS 5/7-201(1), (2) (West 2000)). In addition to this exception, the law also exempts "the owner if the vehicle involved in such motor vehicle accident was owned by the United States, this State or any political sub-division of this State, [and] any *municipality* therein \*\*\*." (Emphasis added). 625 ILCS 5/7-202(7) (West 2000). Thus, Lansing is exempt from the requirements of security as a municipality in the State of Illinois, and is not required to carry liability insurance to

meet yet another exception. Under the Illinois Vehicle Code, if the owner or operator is a municipality, the entity need not carry an insurance policy. See 625 ILCS 5/7-202(7) (West 2000). The plain language of the above statutory provisions establishes that section 143a-2 of the Illinois Insurance Code applies only where liability insurance policies were purchased.

Defendants further argue that section 143a-2 also does not apply because the coverage under the IMLRMA agreement is not an insurance "policy," and defendants are not insurers; rather, Lansing's participation in the IMLRMA is self-insurance. We agree. The Illinois Supreme Court firmly established that governmental self-insurance pools are not "insurance" as defined in the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 *et seq.* (West 2000)) . *Antiporek v. Village of Hillside*, 114 Ill. 2d 246, 249, 499 N.E.2d 1307, 1308 (1986). The court in *Antiporek* described the Intergovernmental Risk Management Agency (IRMA) as "an alternative to conventional commercial insurance, is a risk-management pool in which only Illinois municipalities may participate." *Antiporek*, 114 Ill. 2d at 247-48, 499 N.E.2d at 1308. The plaintiff had argued that the IRMA is more analogous to an insurance company than to a system of self-insurance because participants must pay a specified premium in consideration for indemnification from IRMA on the occurrence of enumerated perils. *Antiporek*, 114 Ill. 2d at 249, 499 N.E.2d at 1308. The plaintiff further argued that, unlike self-insurance, IRMA provides indemnification from funds already expended by the municipality, so there is no reason to extend immunity to it. *Antiporek*, 114 Ill. 2d at 250, 499 N.E.2d at 1308.

However, the court disagreed and expressly found that "[t]he substance of IRMA is pooled self-insurance, through formal agreement, of governmental entities which share the risks

and costs of civil liabilities." *Antiporek*, 114 Ill. 2d at 251, 499 N.E.2d at 1309. The supreme court stated that, "[t]ort immunity is intended to protect governmental funds, assuring that they will be directed and used for governmental purposes." *Antiporek*, 114 Ill. 2d at 250, 499 N.E.2d at 1308. The court agreed that, in the case of commercial insurance, "the immunity is waived since government funds are no longer in jeopardy and immunity would inure to the benefit of private investors who have assumed the risk of insurers." *Antiporek*, 114 Ill. 2d at 250, 499 N.E.2d at 1308. However, "when a municipality self-insures, it bears all risks itself, and settlements or awards are paid directly from government coffers." *Antiporek*, 114 Ill. 2d at 250, 499 N.E.2d at 1308. The court reasoned that IRMA:

"provides a totally different type of protection – one tantamount to self-insurance within the meaning of section 9-103. Participating public entities, too small to self-insure, pool their resources and risks to provide a level of protection from potential fiscal disasters which would otherwise accompany large, nonimmune liabilities. IRMA participants have not shifted the risk to for-profit risk takers, but have instead decided to share the risk among themselves." *Antiporek*, 114 Ill. 2d at 250, 499 N.E.2d at 1309.

The court held, "[f]or that reason, [the municipality's] immunities have not been waived by its participation in IRMA." *Antiporek*, 114 Ill. 2d at 251-52, 499 N.E.2d at 1309.

It is also axiomatic that an insurance policy is a contract that requires two parties, an insurer and an insured, and because self-insurance does not involve an insurer and an insured, a self-insurance agreement is not a "policy." *Hill v. Catholic Charities*, 118 Ill. App. 3d 488, 492, 455 N.E.2d 183, 185-86 (1983). Therefore, section 143a-2 does not apply. *Hill*, 118 Ill. App. 3d

13

1-10-0100

at 492, 455 N.E.2d at 186.

It being established that Lansing is a self-insurer and that section 143a-2 does not apply to self insurance, in addition to the foregoing precedent, we find *Beck v. Budget Rent-A-Car*, 283 Ill. App. 3d 541, 669 N.E.2d 1335 (1996), dispositive that self-insurers are not obligated to provide underinsured motorist coverage. In *Beck*, the rental car companies were self insured and their insurer only provided excess or umbrella coverage. We held that neither the rental car companies nor the excess insurer was required to provide underinsured motorist coverage to the rental car customer. Premised upon our earlier holding in *Hill*, 118 Ill. App. 3d at 491-92, 455 N.E.2d at 185-86, that the Code's uninsured motorist coverage requirement in a "policy" of motor vehicle liability insurance had no application to self-insurers, we specifically held that the plain language of section 143a-2 similarly had no application to self-insurers because they did not issue policies of motor vehicle liability insurance. *Beck*, 283 Ill. App. 3d at 544, 669 N.E.2d at 1338. We reasoned that "since section 143a-2 uses essentially the same phraseology in reference to underinsured motorist coverage, we see no reason why the holding[]of *Hill* *** should not be extended to negate any obligation on the part of a self-insurer to offer or provide underinsured motorist coverage as well." *Beck*, 283 Ill. App. 3d at 544, 669 N.E.2d at 1338. Thus, similarly here, Lansing, as a self-insurer, and IMLRMA, as a municipal risk management pool for such municipal self-insurers, are not required to provide underinsured motorist coverage.

In granting defendants' motion for summary judgment, the trial court recognized the proper application of the above salutary principles and specifically found the following:

"The coverage provided by the IMLRMA agreement is not insurance, but self-insurance.

14

1-10-0100

Under the Illinois Supreme Court's ruling in *Antiporek* and the First District's ruling in *Beck v. Budget Rent-A-Car*, the IMLRMA is therefore not a 'policy' and section 143a-2 of the Insurance Code does not apply to it."

Plaintiff offers no precedent holding otherwise, nor do we find any. In his reply brief, plaintiff merely argues: (1) "[b]ecause the village elected to comply with Section 143(a) to provide Uninsured Motorist coverage, it must comply with the remainder of the statute including the provisions of Section 143(a-2)" and (2) "[a]s Section 143 does not contain an express exemption for risk pools, the defendants are required to adhere to all provisions."

However, as outlined above, neither defendant is an insurer, and therefore they are under no obligation to provide such coverage. The statutory provisions clearly provide that uninsured and underinsured motorist coverage are required only in cases where liability insurance policies are purchased to satisfy financial responsibility. "Where the language used in a statute is plain and certain it must be given effect by the court and the court cannot legislate but must interpret the law as announced by the legislature." *Hill*, 118 Ill. App. 3d at 492, 455 N.E.2d at 186. "It is not the court's function to annex new provisions, remedy defects or supply omissions." *Hill*, 118 Ill. App. 3d at 492, 455 N.E.2d at 186. Further, "[i]t is a fundamental principle that '[w]here the legislature chooses not to amend a statute after a judicial construction, it will be presumed that it has acquiesced in the court's statement of the legislative intent.' " *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 49-50, 697 N.E.2d 699, 710 (1998), quoting *Miller v. Lockett*, 98 Ill. 2d 478, 483, 457 N.E.2d 14 (1983).

Plaintiff further contends that because defendants admitted in their answer to his complaint

that IMLRMA is an insurer and that Lansing is covered under an insurance "policy," this admission should be judicially binding. However, although a fact admitted in a verified pleading is a formal, conclusive judicial admission, the pleader is not bound by admissions regarding conclusions of law, since the trial court must determine the legal effect of the facts adduced. *People ex rel. Department of Public Health v. Wiley*, 348 Ill. App. 3d 809, 819, 810 N.E.2d 614, 623 (2004). "A party is not bound by admissions regarding conclusions of law, since it is province of trial court to determine, based on properly admitted evidence, legal effect of the facts adduced." *Charter Bank & Trust of Illinois v. Edward Hines Lumber Co.*, 233 Ill. App. 3d 574, 579, 599 N.E.2d 458, 462 (1992).

It is of course well established that the construction of an insurance policy's provisions is a question of law. *Outboard Marine Corp.*, 154 Ill. 2d at 108, 607 N.E.2d at 1212. Yet, our resolution of the instant case turns on whether defendants were insurers *ab initio*, which is also a question of law not resolved by any factual admission. We note that the supreme court in *Antiporak* addressed the issue whether a municipality participating in pooled risk management is an insurer as a matter of law. See *Antiporek*, 114 Ill. 2d at 250-51, 499 N.E.2d at 1308-09. See also *Yaccino v. State Farm Mutual Automobile Insurance Co.*, 346 Ill. App. 3d 431, 436-39, 804 N.E.2d 677, 683-84 (2004) (addressing the issue on appeal whether the "other coverage" clause in a policy should be read to include IRMA's form of self-insurance as a question of law); *Aetna Casualty & Surety Co. v. James J. Benes & Associates, Inc.*, 229 Ill. App. 3d 413, 422, 593 N.E.2d 1087, 1093 (1992) (holding the trial court properly granted summary judgment to IRMA as the evidence before the court showed that IRMA's right to judgment was clear; as a matter of

16

law IRMA was not an insurance company, but a pool of self-insured municipalities). Thus, because we are similarly presented with a question of law, defendants' answers do not constitute judicially binding admissions.

Plaintiff further urges that *Antiporek* is inapplicable to the facts of this case, as *Antiporek* decided whether tort immunity was affected by the cities' participation in a risk pool. However, a similar argument was rejected in *Yaccino*, 346 Ill. App. 3d 431, 804 N.E.2d 672. There, relying on *Aetna* and *Antiporek*, the trial court had found that the defendant insurer's coverage was primary and IMLRMA's was excess because IMLRMA does not constitute a private insurance carrier. *Yaccino*, 346 Ill. App. 3d at 435, 804 N.E.2d at 682. The insurance company, similar to plaintiff here, suggested that *Aetna* and *Antiporek* were limited to the issues of tort immunity and equitable contribution. *Yaccino*, 346 Ill. App. 3d at 438, 804 N.E.2d at 684. However, the court held:

> "We do not read them in such a limited manner. The *Antiporek* court's distinction between commercial insurance and self-insurance and its reliance on the public policy interest in protecting public funds are as valid in this context as they were in the earlier cases." *Yaccino*, 346 Ill. App. 3d at 438-39, 804 N.E.2d at 684.

Similarly here, although we have found no precedent specifically holding that self-insuring municipalities are not insurers in the context of the Illinois Insurance Code or Illinois Safety and Financial Responsibility Law of the Illinois Vehicle Code, we see no reason why the supreme court's holding in *Antiporek* that self-insuring municipalities are not insurers should not apply here as well. The same risk pooling management structure is at issue, and plaintiff here also argues

that defendants are insurers or are acting as insurers. We adhere to our precedent and find its reasoning sound. Thus, we conclude that, in addition to being exempt from section 143a-2 as a municipality, defendants are not insurers and owe no duty to plaintiff to provide underinsured motorist coverage. Further, pursuant to *Beck*, self-insurers have no obligation to provide underinsured motorist coverage. Plaintiff offers no authority holding contrary to the precedent of *Antiporek* and *Beck*, nor does our research of the issue reveal any. The court properly granted summary judgment on plaintiff's amended complaint.

Further, the court also appropriately granted defendants summary judgment on plaintiff's contemporaneous claim under section 155 of the Insurance Code (215 ILCS 5/155 (West 2008)). Section 155 of the Insurance Code applies only when the liability on an insurance policy is at issue, and does not allow recovery of punitive damages and attorney fees against noninsurers. *Cummings Foods, Inc. v. Great Central Insurance Co.*, 108 Ill. App. 3d 250, 259, 439 N.E.2d 37, 44 (1982). See also *Martin v. Illinois Farmers Insurance*, 318 Ill. App. 3d 751, 764, 742 N.E.2d 848, 857 (2000) ("a defendant cannot be liable for section 155 relief where no benefits are owed"). Here, defendants are not insurance companies and there is no liability on an insurance policy, and thus there can be no liability under section 155 of the Insurance Code.

### CONCLUSION

For the foregoing reasons, we dismiss that portion of the appeal from the circuit court's October 2, 2008, judgment and affirm the judgment entered December 8, 2009.

Appeal dismissed in part; judgment affirmed.

FITZGERALD SMITH, P.J., with HOWSE, J., concur.

1-10-0100

REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | NIKOLA PRITZA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>THE VILLAGE OF LANSING, et al.,<br><br>Defendants-Appellees. |
| Docket No.<br><br>COURT<br><br>Opinion Filed | 1-10-0100<br>Appellate Court of Illinois<br>First District, FIFTH Division<br><br>November 24, 2010<br>(Give month, day and year) |
| JUSTICES | JUSTICE TOOMIN delivered the opinion of the court:<br><br>FITZGERALD SMITH, P.J., with HOWSE, J.　　　　concur [s]<br><br>dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br><br>The Honorable　Martin Agran,　Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>Plaintiff-Appellant,　　　　James Kenney<br>　　　　Saunders, Condon & Kenney<br>　　　　111 West Washington, Suite 1001<br>　　　　Chicago, IL 60601<br>　　　　312/236-3735<br><br>Defendants-Appellees,　　　　G. Christopher Slick<br>　　　　Tribler, Orpett & Meyer<br>　　　　225 West Washington Street, Suite 1300<br>　　　　Chicago, IL 60606<br>　　　　312/201-6400 |

1-10-0100