# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Waters v. City of Chicago*, 2012 IL App (1st) 100759

---

| | |
|---|---|
| Appellate Court Caption | NORMA WATERS, Plaintiff-Appellant, v. THE CITY OF CHICAGO, a Municipal Corporation, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-0759 |
| Filed | March 2, 2012 |
| Rehearing denied | April 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment for defendant city was reversed in an action for the injuries suffered by plaintiff when she tripped over the base of a street barricade when she was startled by the noise of a jackhammer from a nearby construction site, notwithstanding the city's contention that the barricades were an open and obvious condition and that the distraction exception did not apply, since the city could have rerouted pedestrian traffic or provided an alternative walkway, the burden would have been minimal and the grant of summary judgment was improper where the city owed a duty of care to plaintiff under the circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-L-7932; the Hon. Eileen M. Brewer, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Francis Patrick Murphy, of Corboy & Demetrio, P.C., of Chicago, for appellant.

Mara S. Georges, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and J. Mark Powell, Assistant Corporation Counsel, of counsel), for appellee.

Panel

PRESIDING JUSTICE R. GORDON delivered the judgment of the court, with opinion.

Justice Palmer[*] concurred in the judgment and opinion.

Justice Garcia dissented, with opinion.

## OPINION

¶ 1    Plaintiff Norma Waters appeals from the circuit court's grant of summary judgment to defendant City of Chicago (City) in her personal injury suit charging the City with negligence in maintaining a street barricade over a sidewalk. The plaintiff was injured when she tripped over the metal base of a street barricade upon being startled by the sudden noise of a jackhammer from a nearby construction site. The plaintiff contends the circuit court erred in granting summary judgment because two questions of fact remain: (1) whether the barricade she tripped over was an open and obvious condition, and (2) whether the defendant owed the plaintiff a duty of care under the distraction exception. We reverse.

¶ 2                                   BACKGROUND

¶ 3    The following facts were presented to the circuit court in pleadings, affidavits, photographs, admissions on file, a map, and in plaintiff's deposition. On August 22, 2005, the 72-year-old plaintiff was injured in a fall at the intersection of Milwaukee and Higgins Avenues in Chicago. Earlier, the plaintiff had walked on a sidewalk northwest along the east side of Milwaukee Avenue from her home at 4663 North Milwaukee Avenue. She eventually crossed to the west side of Milwaukee to stop at her bank and then at a McDonald's. She then began her return trip, walking in a southern direction on the sidewalk on the west side of Milwaukee back to Higgins Ave.

¶ 4    At the intersection of Milwaukee and Higgins, the plaintiff came upon street barricades at the crosswalk. The barricades had "metal barriers" at the bottom, which served as legs for the barricade structure. The metal base was "sticking out in the crossway." The plaintiff

---

[*]Justice Cahill served on the panel at the time of oral arguments. Justice Palmer replaced Justice Cahill following Justice Cahill's death on December 4, 2011.

-2-

stepped over two of the metal bases. At her deposition, she testified: "[A]s I was starting over the third barrier, I heard a huge bang. And I turned my head just that second and down I went. I was so distracted. It was so noisy." After falling, the plaintiff saw that the source of the noise was a jackhammer being operated by a construction worker about 12 to 15 feet away from her. The plaintiff sustained an injury to her wrist in the fall, which required surgery.

¶ 5    The circuit court granted the City's motion for summary judgment. The court ruled that the condition of the barricades was open and obvious and that the distraction exception did not apply to impose a duty of care on the City.

¶ 6                                    ANALYSIS

¶ 7    Summary judgment is only appropriate when the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmovant, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2004); *Sollami v. Eaton*, 201 Ill. 2d 1, 6 (2002); *Clifford v. Wharton Business Group, L.L.C.*, 353 Ill. App. 3d 34, 39-40 (2004). Summary judgment is a drastic means of disposing of litigation and should only be allowed when the right of the moving party to judgment is clear and free from doubt. *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1027 (2005). If reasonable people can draw different inferences from undisputed facts, then summary judgment is inappropriate. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). The court should construe the evidence strictly against the movant and liberally in favor of the opponent. *Williams*, 228 Ill. 2d at 417.

¶ 8    On a motion for summary judgment, the trial court has "a duty to construe the record strictly against the movant and liberally in favor of the nonmoving party." *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 423-24 (1998). As a result, summary judgment is not appropriate: (1) if "there is a dispute as to a material fact" (*Jackson*, 185 Ill. 2d at 424); (2) if "reasonable persons could draw divergent inferences from undisputed material facts" (*Jackson*, 185 Ill. 2d at 424); or (3) if "reasonable persons could differ on the weight to be given the relevant factors" of a legal standard (*Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 269 (2007)). We review a grant of summary judgment *de novo*. *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456 (2003); *Pritza v. Village of Lansing*, 405 Ill. App. 3d 634, 641 (2010). *De novo* consideration means we perform the same analysis that a trial judge would perform and give no deference to the judge's conclusions or specific rationale. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 9    The sole issue in this case is whether the defendant had a duty to use due care. Our analysis begins with a review of sections 343 and 343A of the Restatement (Second) of Torts, which has been adopted by Illinois and is part of the analysis of a "fall down" accident. Section 343 provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to invitees, and

-3-

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against danger." Restatement (Second) of Torts § 343 (1965).

¶ 10        Section 343 should be read together with section 343A (Restatement (Second) of Torts § 343 cmt. a (1965)), which provides the following "known or obvious" exception to the liability of a possessor of land under section 343:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A (1965).

¶ 11        The plaintiff argues that the circuit court erred in its grant of summary judgment because whether the condition was open and obvious and whether a distraction exception applies are both questions of fact for a trier of fact to answer. To support the assertion as to the open and obvious issue, the plaintiff offers the following quote. "Whether in fact the condition itself served as adequate notice of its presence, or whether additional precautions were required to satisfy the defendant's duty, are questions properly left to the trier of fact." *Ward v. K mart Corp.*, 136 Ill. 2d 132, 156 (1990). In her main brief, the plaintiff asserts, "The determination of whether a condition is open and obvious does not submit itself to summary judgment." As to the application of the distraction exception, the plaintiff asserts, "There is no dispute that Ms. Waters says she was distracted. Whether her distraction is credible or sufficient to meet the distraction exception is a question for the trier of fact."

¶ 12        The City replies, in pertinent part, that it had no duty to plaintiff because the barricades were an open and obvious condition and further claims that the distraction exception is not applicable here and cannot cause a duty. The essential elements of a cause of action in a "fall down" accident based on common law negligence are the existence of a duty and an injury proximately caused by that breach. *Ward*, 136 Ill. 2d at 140; *Clifford*, 353 Ill. App. 3d at 37. Generally, a duty of care arises where the parties stand in such a relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Ward*, 136 Ill. 2d at 140. Whether a defendant owes a plaintiff a duty of care is usually a question of law to be decided by the court. *Ward*, 136 Ill. 2d at 140. In making this determination, the court is to consider the following factors: (1) the foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden on the defendant of guarding against the injury; and (4) the consequences of placing the burden on the defendant. *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 438 (1990). Where no duty exists, the plaintiff cannot recover. *Schoenbeck v. Du Page Water Comm'n*, 240 Ill. App. 3d 1045, 1048 (1993). Our supreme court has held that once a court finds that a danger is open and obvious, the court's analysis is not "complete" until it has analyzed these four "traditional factors." *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 425 (1998).

¶ 13        It is axiomatic that no legal duty arises unless the harm is reasonably foreseeable. See *Renslow v. Mennonite Hospital*, 67 Ill. 2d 348, 354-55 (1977). Where as here a plaintiff alleges that she was injured by a condition on a defendant's property, we decide the

foreseeability prong of the Illinois common law duty test by references to sections 343 and 343A of the Restatement. *Lafever v. Kemlite Co.*, 185 Ill. 2d 380, 389 (1998); *Dreibert*, 141 Ill. 2d at 438.

¶ 14 As our Illinois Supreme Court has held, "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447-48 (1996). One of the exceptions to this general rule is the "distraction exception" illustrated in comment f to section 343A, which states:

> "There are, however, cases in which the possessor of land can and should anticipate that the dangerous conditions will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or obvious, is important in determining whether the invitee is to be charged with contributory negligence or assumption of risk. (See §§ 466 and 469D.) It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." Restatement (Second) of Torts § 343A cmt. f (1965).

¶ 15 The distraction exception involves a situation where a possessor of land should anticipate the harm because it has reason to expect that the invitee's attention may be distracted, so that the invitee would not discover the condition despite its obviousness or will forget what he has discovered and fail to protect against it. *Deibert*, 141 Ill. 2d at 437, 439-40 (citing Restatement (Second) of Torts § 343A cmt. f (1965)); *Ward*, 136 Ill. 2d at 153-55. Thus, the distraction exception generally involves a situation where the injured party was distracted from the open and obvious condition because circumstances required him or her to focus on some other condition or hazard. *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 680 (2000).

¶ 16 We find plaintiff's argument that the question of whether the barricades were open and obvious is a question of fact for the trier of fact not persuasive. We further find that plaintiff's argument that whether the distraction exception is applicable is also a question of fact to be decided by the trier of fact not persuasive. However, we agree with plaintiff that the court's grant of summary judgment here is improper.

¶ 17 Based on plaintiff's deposition testimony, the barricades and their bases were not concealed or hidden in any way. Plaintiff was carefully walking and had walked past a

barricade when the sound of the jackhammer distracted her causing her to trip over the base of the third barricade. The barricade and its base fell within the definition of "obvious" as set forth in comment b to section 343A of the Restatement. Our conclusion here does not mean that all barricades and their bases on construction sites are obvious as a matter of law.

¶ 18        However, despite the obviousness of the barricade and its base, plaintiff became distracted upon hearing the loud noise from the jackhammer. Defendant created the hazard but not the distraction. It is reasonable to expect that a defendant who places a barricade over a sidewalk and places a portion of their bases in an area of ingress and egress on a public sidewalk without signs warning people to avoid walking in the area could foresee that people could reasonably become injured and would likely become injured if they used the walkway. It can also be reasonably expected that people would walk on the sidewalk notwithstanding its partial barricade. For these reasons, we cannot say, as a matter of law, that defendant should not have reasonably anticipated the distraction and should not have foreseen the injury to plaintiff. It would have been easy for the defendant to have barricaded the entire walkway so that no one could use it until the construction was complete and the consequences of doing so would not have placed any great burden on the defendant. The defendant City is shielded from liability for failing to erect barricades or provide warnings. *Prostran v. City of Chicago*, 349 Ill. App. 3d 81 (2004). However, once the City places barricades, it is not shielded from liability when barricades are placed negligently. 745 ILCS 10/3-104 (West 2004) (stating that public entities are not liable for injuries caused by "the failure to *initially* provide" warnings, signals, or barricades (emphasis added)). See also *Santelli v. City of Chicago*, 222 Ill. App. 3d 862, 868 (1991) (holding that the plaintiff could allege a cause of action for negligence against the City for failing to remove an unreasonably dangerous median barrier). *Santelli* distinguishes between a municipality failing to undertake an action and undertaking an action and negligently creating a dangerous situation. *Santelli*, 222 Ill. App. 3d at 867. Furthermore, the City could have rerouted pedestrian traffic or provided an alternative walkway. The burden would have been minimal.

¶ 19        We find that defendant owed plaintiff a duty of care under the circumstances presented here and the grant of summary judgment is improper.

¶ 20        Whether defendant breached its duty is a question of fact for the trier of fact. *Deibert*, 141 Ill. 2d at 435. It is for the trier of fact to decide whether defendant failed to exercise reasonable care in protecting plaintiff from injury and whether such failure was the proximate cause of plaintiff's injury. "Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." *Ward*, 136 Ill. 2d at 156. Therefore, even though a possessor of land may have a duty to an invitee, the possessor may not be liable to the invitee if the trier of fact finds that the possessor exercised minimal care.

¶ 21        Three supreme court cases are instructive on this subject matter. In *Deibert*, a subcontractor's employee was injured when he stepped in a tire rut after exiting a portable bathroom. *Deibert*, 141 Ill. 2d at 432-33. The ruts were open and obvious. *Deibert*, 141 Ill. 2d at 434. However, the employee's attention was distracted; when he came out of the bathroom, he looked up because workers had, in the past, thrown plasterboard and other construction materials off the nearby balcony. *Deibert*, 141 Ill. 2d at 433. The supreme court

-6-

concluded that the injury in *Deibert* was foreseeable. *Deibert*, 141 Ill. 2d at 438. In reaching that conclusion, the court noted that it was reasonable to expect that the general contractor was aware of workers throwing debris off the balcony; that it was aware of the presence of ruts on construction sites generally and the presence of ruts on that construction site in particular; and that it was aware of where the portable bathrooms on the site were located and that people would frequently walk in the area around the bathrooms. *Deibert*, 141 Ill. 2d at 439. The court further noted that the general contractor was responsible for the condition (the workers discarding debris off the balcony) that caused plaintiff's distraction. *Deibert*, 141 Ill. 2d at 439.

¶ 22    In *Ward*, a customer was injured when he walked into a five-foot-tall concrete post located just outside the exit of a home center section of a K mart store. *Ward*, 136 Ill. 2d at 135-36. At the time of the injury, the customer was carrying in front of him a large mirror that he had just purchased from the store. *Ward*, 136 Ill. 2d at 135. The supreme court held that the injury was reasonably foreseeable because the store invited its customers to use the door near which the plaintiff was injured; the store had reason to anticipate that customers would, even in the exercise of reasonable care, momentarily forget the presence of the posts which they may have previously encountered by entering through the customer entrance door; and it was also reasonably foreseeable that a customer carrying a large item just purchased in the store might be distracted and fail to see the post upon exiting through the door. *Ward*, 136 Ill. 2d at 153-54. Thus, *Ward* imposed a duty of care on the store even where a customer created his own distraction.

¶ 23    In *Rexroad*, a high school student was injured when he fell in an area under excavation in a parking lot located adjacent to a high school football field. *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 36 (2003). The hole was previously barricaded by the city workers; however, the barricades were not in place at the time of the student's injury. *Rexroad*, 207 Ill. 2d at 37. The student had noticed the hole in the parking lot earlier that day. *Rexroad*, 207 Ill. 2d at 37. At the time of the injury, the student was returning to the football field after taking a helmet from the locker room for one of the players. *Rexroad*, 207 Ill. 2d at 37. He was distracted because he was "focusing his attention on the player who needed the helmet." *Rexroad*, 207 Ill. 2d at 37. The supreme court found that case to be similar to *Ward* and held that it was reasonably foreseeable that students may fail to avoid the risk posed by the hole by becoming distracted or momentarily forgetful. *Rexroad*, 207 Ill. 2d at 46. *Rexroad* thus imposed liability on the city despite the fact that the city did not create the distraction.

¶ 24    The dissent and the trial court relied on *Prostran v. City of Chicago*. In *Prostran*, a visually handicapped person walked on an area that was a dug-up section of where a sidewalk had been located. She was unable to clearly observe the terrain ahead of her but continued to walk in the area until she tripped on piles of accumulated dirt and rocks. We rejected plaintiff's claim that the distraction exception applied because there was no evidence of a distraction. *Prostran*, 349 Ill. App. 3d at 88-89. Here a jackhammer's noise caused plaintiff to trip on the base of a barricade and this type of distraction was foreseeable at a construction site, as is the fact that a user of the sidewalk could trip and fall.

¶ 25                                    CONCLUSION

¶ 26      The plaintiff's deposition indicates that she fell over the base of a barricade that was located on a sidewalk in a construction area after being distracted by the noise from a jackhammer. We find that the City had a duty to exercise due care and we reverse the grant of summary judgment in favor of the City.

¶ 27      Reversed and remanded.

¶ 28      JUSTICE GARCIA, dissenting:

¶ 29      I cannot agree with the majority that the "distraction exception" applies in this case. *Supra* ¶ 18. In addition, I disagree with the majority's decision because it would appear to require the City to take every case to judgment where the plaintiff in essence claims that a big-city-life noise, such as the sound of a jackhammer, triggers the distraction exception to an open and obvious danger.

¶ 30      The supreme court was very clear in its consideration of the open and obvious rule in *Ward v. K mart Corp.*, 136 Ill. 2d 132 (1990). "The focus must be on defendant. A major concern is whether *defendant* could reasonably have foreseen injury to plaintiff." (Emphasis in original.) *Id.* at 148. In *Ward*, the plaintiff won a jury verdict for injuries he sustained when he walked into a concrete post placed near the customer door as he exited the K mart store while carrying a vision-obscuring bundle. *Id.* at 138. The circuit court granted K mart judgment notwithstanding the jury's verdict based on its lack of legal duty to protect the plaintiff against the risk of colliding with the post. *Id.* at 139 The appellate court affirmed in a majority decision. *Id.* at 139. At the conclusion of a lengthy opinion, the supreme court reinstated the jury's verdict. *Id.* at 157.

¶ 31      The supreme court was circumspect in its decision: "We may well have arrived at a different conclusion if the post would have been located further away from the entrance of the building, or if the plaintiff would not have been carrying any vision-obscuring bundle." *Id.* at 153. The duty imposed on the defendant arose from the risk that a customer may be "distracted or momentarily forgetful" of the presence of the posts located so close to the entrance of the store. *Id.* at 156. The plaintiff's distraction stemmed from the very activity K mart desired–the plaintiff's purchase of an item from its store. As the court cautioned, its decision might have been different had the plaintiff not been "carrying any vision-obscuring bundle." *Id.* at 153. In that event, the condition of the existence of the posts might not be unreasonably dangerous as the supreme court explained: "[i]f people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight." (Internal quotation marks omitted.) *Id.* at 148.

¶ 32      In the instant case, the plaintiff's claim is that she heard the sound of the jackhammer in midstep, which caused her to turn her head and misjudge the placement of her elevated foot as she stepped over the legs of the barricade, which resulted in her fall. It is uncontested that the plaintiff always knew the barricades were present; in fact, she safely stepped over one. It is also certain the barricades were placed by the City to warn the plaintiff (and other

-8-

pedestrians) of the dangerous condition that was present. The presence of the barricades gave notice to the plaintiff that a dangerous condition existed to permit her to exercise reasonable care in light of the condition.

¶ 33    Given the clear warning provided by the barricades, I submit that under *Ward* the barricades were not unreasonably dangerous, a conclusion in line with this court's decision in *Prostran v. City of Chicago*, 349 Ill. App. 3d 81 (2004), upon which the circuit court relied to grant summary judgment to the City. Keeping the focus on the defendant as directed by the *Ward* decision, the plaintiff fails to explain what "further precautions" the City could have taken to have addressed the risk posed by the condition she complains about. Nor does any case cited by the plaintiff support her contention that the "distraction exception" applies to the startling or alarming jackhammer noise that caused her to misdirect her vision.

¶ 34    In accord with *Ward*, the barricades here gave "adequate warning to [the plaintiff that] would suffice to render the condition 'reasonably safe.' " *Ward*, 136 Ill. 2d at 141; see *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 46 (2003) ("Defendants could have guarded against the injury [caused by an open and obvious condition] simply by leaving the barricades in place."). Clearly, the City had no duty to "remove all dangers" from the sidewalk in order to avoid liability. *Ward*, 136 Ill. 2d at 142. This is true because "the obviousness of a condition is also relevant to the existence of a duty on the part of defendant." *Id.* at 143. As the supreme court explained, "The crux of the issue *** is whether defendant's general duty of reasonable care extended to the risk encountered by plaintiff." *Id.* at 145.

¶ 35    It is at the crux of the issue of whether the defendant's general duty of reasonable care extended to the risk encountered by plaintiff here that her case falls apart. The risk posed by the condition (presumably the presence of the barricades) under the City's control remained the same with or without the startling noise of the jackhammer. The plaintiff successfully stepped over the legs of the first barricade. As she looked at the legs of the second barricade, the startling noise caused her to turn her head, misstep, and fall. As we noted in *Prostran*, the plaintiff could have chosen to walk around the legs of the barricade rather then step over them or she could have crossed the street to have avoided the barricades all together. *Prostran*, 349 Ill. App. 3d at 88. As our supreme court observed, it would be impossible for the City to render the streets "injury-proof." *Ward*, 136 Ill. 2d at 156.

¶ 36    While the majority concludes that under its duty analysis the burden upon the City to extend the City's general duty of reasonable care to the risk of the plaintiff turning her head in midstep because she heard the sound of a jackhammer "would have been minimal" (*supra* ¶ 18), I conclude that the action the City took was all the law required–it posted the barricade to give notice of an open and obvious danger. Indeed, it is ironic that the very act of giving notice of an open and obvious danger now serves, under the majority's view, as the basis to expose the City to possible liability for its claimed negligence.

¶ 37    Accepting the majority's position that the condition encountered by the plaintiff was unreasonably dangerous, I submit that the "distraction exception" to impose possible liability on the City for the plaintiff's injuries did not arise from that which the City did not control–an alarming noise (from who knows where) that unquestionably caused the plaintiff

-9-

to misstep as she traversed the legs of the second barricade. Unlike the majority, I find it to be no "minimal" burden to require the City to have anticipated the plaintiff's misstep caused by a startling noise from some unknown source, which would force the City to take additional precautions beyond the placement of the barricades themselves.

¶ 38     In sum, I agree with the City that the distraction exception under *Ward* does not apply in this case; in line with our decision in *Prostran*, I would affirm summary judgment for the City. Accordingly, I dissent.