# Illinois Official Reports

## Appellate Court

---

*Rozowicz v. C3 Presents, LLC*, 2017 IL App (1st) 161177

---

| | |
|---|---|
| Appellate Court Caption | MAGDALENA ROZOWICZ, Plaintiff-Appellant, v. C3 PRESENTS, LLC; CAPITAL SPORTS & ENTERTAINMENT, LLC; CAPITAL SPORTS & ENTERTAINMENT HOLDINGS, INC.; CARING & DARING, LLC; PARKWAYS FOUNDATION; SECURITY SAFETY SERVICES, INC., d/b/a S3, Inc.; TROY E. OFFICER, d/b/a TE Officer Consulting; NPB COMPANIES, INC.; MONTERREY SECURITY CONSULTANTS, INC., d/b/a Monterrey Security; CHRISTIE LITES FLORIDA LLC, d/b/a Christie Lites; SPACE LIGHTING OF TEXAS, INC., d/b/a Airstar Lighting of Texas, Defendants (C3 Presents, LLC, Defendant-Appellee). |
| District & No. | First District, First Division<br>Docket No. 1-16-1177 |
| Rule 23 order filed<br>Motion to publish allowed<br>Opinion filed | September 5, 2017<br><br>December 7, 2017<br>December 18, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-L-5947; the Hon. James N. O'Hara, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal          Joel T. Finch, of Finch Law Group, L.P., of Chicago, for appellant.

James L. Wideikis and Cynthia Salazar, of Lewis Brisbois Bisgard & Smith LLP, of Chicago, for appellee.


Panel          JUSTICE SIMON delivered the judgment of the court, with opinion. Justices Harris and Connors concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Magdalena Rozowicz, filed a negligence action against defendant C3 Presents, LLC (C3), stemming from a slip and fall injury she suffered at the 2011 Lollapalooza music festival at Grant Park in Chicago. The circuit court granted summary judgment in favor of C3. On appeal, plaintiff argues genuine issues of material fact preclude summary judgment in favor of C3.[1] For the following reasons, we affirm.

¶ 2     In 2008, C3 contracted with the Chicago Park District to lease Grant Park for the purpose of holding the annual Lollapalooza music festival, to be held on August 5, 2011, through August 7, 2011. The lease provided, *inter alia*, that C3 was responsible to "take all actions necessary to ensure the safety of Festival attendees."

¶ 3     In 2011, plaintiff filed a first-amended complaint asserting two counts of negligence against C3. She sought damages for injuries she suffered as a result of slipping and falling while trying to exit the Lollapalooza concert grounds. Plaintiff alleged various failures by C3 including, *inter alia*, failure to properly illuminate concert grounds and exits, place mats over slippery areas of the concert grounds and exits, manage the concert crowd, provide safe egress from the concert grounds, and cancel the music festival.

---

[1]Plaintiff's 15-count first amended complaint asserted negligence claims against 11 defendants, including C3. The trial court granted summary judgment to C3 on December 15, 2015. Plaintiff filed her appeal from this order on April 28, 2016, more than 30 days after entry of the order. Plaintiff asserted the appeal was timely as the court granted summary judgment to the final remaining defendant on March 30, 2016. But our jurisdiction was not ascertainable from the record on appeal, as it did not reflect final decisions as to all the defendants. We ordered supplemental briefing on the issue of appellate jurisdiction and, having viewed the parties' briefs and submissions, including the relevant trial court orders, are satisfied with our jurisdiction. *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (a reviewing court may take judicial notice of a written decision that is part of another court's record because these decisions are readily verifiable facts capable of instant and unquestionable demonstration).

We note that, on plaintiff's motion, the trial court ordered that the record on appeal be limited to (1) plaintiff's first amended complaint, (2) C3's motion for summary judgment with accompanying exhibits, (3) plaintiff's response to C3's motion for summary judgment with accompanying exhibits, (4) C3's reply in support of its motion for summary judgment with accompanying exhibits, and (5) the trial court's order granting summary judgment to C3.

¶ 4    C3 moved for summary judgment, arguing it did not owe plaintiff a duty of care where she slipped on mud, the mud did not present an unreasonable risk of harm, C3 did not have notice of an allegedly dangerous condition, and the mud was an open and obvious condition. Plaintiff responded that C3 owed her a duty of care to protect her from hazardous conditions on the concert grounds and to provide a safe means of egress from the venue. She asserted her injury was foreseeable as C3 created an unreasonable risk of harm when it forced her to exit the grounds uphill, through overcrowded, poorly lit, and tree-filled terrain; the dangerous condition of which was exacerbated by the mud. The parties supported their positions with depositions and exhibits.

¶ 5    Plaintiff testified in her deposition that, on August 7, 2011, around 12:00 p.m., she arrived at the Lollapalooza festival with friends Angelica and Sylvia Dziadowiec. Plaintiff was at the festival for seven to eight hours. Sometime between 8 and 9 p.m., after the sun had gone down, Rozowicz and her two friends began to walk in a southwesterly direction from the Butler Field area toward an exit. She walked shoulder to shoulder with the crowd to the exit, following the crowd because, although she could not see an exit, she "knew" one was in that direction. Plaintiff observed, with respect to the concert grounds, that "[i]t was raining for many hours. It was mud everywhere. It was slippery." It had been difficult to walk around between the stages because of the mud and lighting. The mud was very deep as she walked west, and she saw people fall "everywhere" around her due to the mud. Plaintiff took a few steps up a hill and her right foot slipped on the mud. She fell and could not stand. Her ankle was broken, and she later had surgery to repair it.

¶ 6    Plaintiff testified that it was muddy, dark, and crowded as she walked to the exit but nothing "other than the mud" caused her to fall. She knew it was muddy and slippery and was looking down at her feet when she slipped. Before plaintiff fell, she was being bumped by people in the exiting crowd, it was dark, she could not see the sidewalks, and did not know whether she was walking on grass or concrete. She tried to walk cautiously and was distracted by the loud music, but no one pushed her and nothing other than the mud caused her to fall. She was wearing flip-flops when she fell.

¶ 7    Sylvia Dziadowiec testified in her deposition that, while exiting the festival, she heard plaintiff call out her name and noticed that she had fallen. When plaintiff could not get up, Sylvia went to get help. Before plaintiff fell, Sylvia observed 20 people slip and fall throughout the day because of the mud and rain. She testified that she, plaintiff, and Angelica did not take an alternate route to the exit because turning back against the crowd would seem "unnatural" and dangerous. They were walking slowly and carefully because of the three- to four-inch deep mud. They had been "slipping" on the mud throughout the day. She testified that she never saw a staircase near where plaintiff fell.

¶ 8    Dirk Stalnecker, C3's production director for the 2011 Lollapalooza festival, testified in his deposition that he was responsible for layout and coordination of festivals. C3 was responsible for determining entrances and exits for the festival. Stalnecker testified that there was a set of illuminated concrete steps located in the western area of Butler Field, near where plaintiff alleged she fell, that would lead to a concrete pathway and to the north exit of the venue. He marked this lit area on a map of Butler Field at his deposition. He also marked the tree-lined area where plaintiff fell as an intended exit from the concert grounds. He explained the area was "[n]ot specifically an exit" but, rather, was a landscaped area free of obstruction or fencing "to allow people to walk through."

¶ 9 The trial court granted summary judgment in C3's favor relying on the Restatement (Second) of Torts, section 343. Restatement (Second) of Torts § 343 (1965). It found plaintiff's deposition showed "only the mud" caused her to fall and the mud did not give rise to a duty from C3 to plaintiff. It found that there was nothing unreasonably dangerous about the existence of mud at an outdoor concert and C3 could reasonably expect a concert patron to discover any normal risk. The court further found C3 provided a safe means of egress by way of a concrete path, which lead directly to an exit.

¶ 10 On appeal, plaintiff argues C3 owed her a duty of care to provide a safe egress from the concert grounds but, instead, created an unreasonable risk of harm by forcing her to exit over a crowded incline that was poorly lit and covered in trees, the dangerous condition of which was exacerbated by the mud. She also argues both the deliberate encounter and distraction exceptions to the open and obvious doctrine apply, thus weighing in favor of finding a duty of care. Finally she argues C3 breached the duty owed to her and the condition of concert grounds was the proximate cause of her injury.

¶ 11 Summary judgment is proper when the pleadings, depositions, affidavits, and admissions on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. Summary judgment is inappropriate when material facts are disputed, reasonable persons could draw different inferences from the undisputed facts, or reasonable persons could weigh the factors relevant to the legal standard at issue differently. *Seymour v. Collins*, 2015 IL 118432, ¶ 42. As summary judgment is a drastic means of disposing of litigation, it should only be granted when the moving party's right to it is free from doubt. *Mashal*, 2012 IL 112341, ¶ 49. We review *de novo* the trial court's grant of summary judgment. *Gurba v. Community High School District No. 155*, 2015 IL 118332, ¶ 10.

¶ 12 In order to sustain her negligence action, plaintiff must present sufficient factual evidence to establish the existence of a duty owed by C3 to her, a breach of that duty, and an injury proximately caused by that breach of duty. See *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 470 (2010). Unless a duty is owed, there can be no negligence. *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 26 (1992). "Whether a duty exists in a particular case is a question of law for the court to decide." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430 (2006).

¶ 13 In determining whether a duty exists, the court considers whether a relationship existed between the parties such that a legal obligation is placed upon one party for the other party's benefit. *Sameer v. Butt*, 343 Ill. App. 3d 78, 85 (2003). The factors a court considers when determining whether a duty of care exists include "(1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing the burden on the defendant." *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 226 (2010). The weight given to each factor depends upon the circumstances of the particular case. *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 18.

¶ 14 Plaintiff alleges she was injured by a condition on defendant's property while on the property as an invitee. A concert attendee is a business invitee for purposes of determining duty of care. *Jones v. Live Nation Entertainment, Inc.*, 2016 IL App (1st) 152923, ¶ 37. When, as here, a plaintiff asserts a premises liability claim, the foreseeability prong of the duty test is determined with reference to section 343 of the Restatement (Second) of Torts. *Genaust v.*

- 4 -

*Illinois Power Co.*, 62 Ill. 2d 456, 468 (1976); see also *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 389-90 (1998). Section 343 provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343 (1965).

¶ 15    However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1) (1965). Therefore, when a condition is open and obvious, generally the possessor of land does not owe a duty of care to invitees "because the landowner 'could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition.' " *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 21 (quoting *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 148 (1990)).

¶ 16    " 'Obvious' means that 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.' " *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 16 (quoting Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)). "Whether a condition is open and obvious depends on the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Prostran v City of Chicago*, 349 Ill. App. 3d 81, 86 (2004). If there is no dispute regarding the physical nature of the condition, whether the dangerous condition is open and obvious is a question of law. See *Bruns*, 2014 IL 116998, ¶ 18.

¶ 17    A possessor of land has a general duty to provide a reasonable means of egress from his property. *Cf. Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 42 (2009) ("property owners and business operators have a general duty to provide a reasonably safe means of ingress to and egress from their business"). Plaintiff argues that C3 was negligent in failing to provide a safe means of egress from the Butler Field area. She argues C3 owed her a duty of care to protect her from the unreasonable risk of harm it created when it designated an exit route that forced her to travel uphill, through rowdy crowds, over poorly lit, uneven, tree-clogged terrain. Viewing the evidence in the light most favorable to plaintiff, we find that C3 was entitled to summary judgment as there is no genuine issue of material fact regarding whether it owed a duty of care to plaintiff.

¶ 18    It is undisputed that the Lollapalooza festival was held outdoors in Chicago's Grant Park, it had been raining for many hours, and the ground was muddy. Plaintiff testified in her deposition that "[i]t was slippery," she had difficulty walking because of the mud, and she saw people "everywhere" falling due to the mud. Plaintiff testified that, as she walked cautiously to exit the venue, the mud, and only the mud, caused her to slip and fall. Although plaintiff mentioned the incline, poor lighting, trees, and overcrowded, uneven terrain as related to her fall, when asked whether "anything but the mud" caused her fall, she replied "no." Her testimony therefore shows not only that the mud was the sole cause of her fall but that, given

the people falling around her and her careful progress, she recognized the risk created by the muddy condition. Accordingly, the mud was an open and obvious condition, evident to any reasonable concert attendee present that evening. This determination is corroborated by Sylvia Dziadowiec, who testified similarly regarding the difficulty walking in the mud and seeing people slip and fall because of it.

¶ 19    Plaintiff argues the distraction exception and deliberate encounter exception to the open and obvious doctrine apply, thus weighing in favor of finding a duty. If either exception applies, a landowner may still be liable for a dangerous condition on the land notwithstanding its obviousness. *Bruns*, 2014 IL 116998, ¶ 20.

¶ 20    The distraction exception to the open and obvious doctrine applies when " 'the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.' " *Sollami v. Eaton*, 201 Ill. 2d 1, 15 (2002) (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). This exception is only applicable when "evidence exists from which a court can infer that plaintiff was actually distracted." *Bruns*, 2014 IL 116998, ¶ 22.

¶ 21    We disagree with plaintiff that the distraction applies here. She argues she was distracted because of flashing strobe lights from the stage area, people pushing each other, people acting "wild and crazy," and people slipping, sliding, and falling. However, although plaintiff testified regarding those conditions, she also testified that, as she was walking, she was looking down at the ground and could see her feet and the mud. She further stated that she was walking "cautiously," trying to watch her step before her fall because she "knew" the ground was "muddy" and "slippery." She was therefore not only aware of the obvious slippery condition of the muddy ground but attempting to protect herself against the risk it posed by walking carefully. Given plaintiff's testimony, there is no evidence to support that she was "actually distracted" to the extent that she would not discover or forget she had discovered the obvious slippery, muddy condition. *Bruns*, 2014 IL 116998, ¶ 22.

¶ 22    We also disagree with plaintiff that the deliberate encounter exception to the open and obvious doctrine applies. This exception refers to a situation " 'where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.' " *Sollami*, 201 Ill. 2d at 15 (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). Courts analyzing the deliberate encounter exception must focus on what the landowner should reasonably anticipate the invitee will do. See *Atchley v. University of Chicago Medical Center*, 2016 IL App (1st) 152481, ¶ 35. While "[t]he deliberate encounter exception has most often been applied in cases involving some economic compulsion," it is not limited to such situations. *Sollami*, 201 Ill. 2d at 16.

¶ 23    Plaintiff argues the deliberate encounter exception applies here because C3 knew that she and other concert patrons would determine that the risks associated with taking the western egress from the Butler Field area were outweighed by the advantages of doing so. We disagree that the exception applies. Plaintiff testified that she had entered the concert at a different entrance than she tried to exit and that she took the particular "exit" route because that was where the crowd was heading. However, she also testified that the route was muddy, slippery, dark, uphill, through trees, and not on a concrete path and that she could not see an exit but was merely following the crowd. We cannot conclude that it was foreseeable that a reasonable person would find the benefit of walking through the mud outweighed the obvious risk created

by the mud under these circumstances, especially when there were designated exit routes with concrete paths available as marked on the 2011 Lollapalooza map, including an illuminated one a few feet from where plaintiff fell. See *Prostran*, 349 Ill. App. 3d at 89-90 (finding that the plaintiff was not "compelled" to use a certain area of sidewalk and it was reasonable to expect pedestrians who encountered a dangerous condition that was open and obvious would use "readily available alternative routes"). The deliberate encounter exception does not apply.

¶ 24   Having found the open and obvious doctrine applicable here, we must still analyze the four factors associated with determining whether a duty exists. *Bruns*, 2014 IL 116998, ¶ 35. The existence of an open and obvious dangerous condition affects the first two factors in the duty analysis, as "[w]here the condition is open and obvious, the foreseeability of harm and the likelihood of injury will be slight, thus weighing against the imposition of a duty." *Bruns*, 2014 IL 116998, ¶ 19; *Atchley*, 2016 IL App (1st) 152481, ¶ 33.

¶ 25   Turning to the two remaining factors, we find the magnitude of the burden and consequences of placing the burden on C3 to prevent concertgoers from slipping on mud at an outdoor park are significant. It would be impracticable to require C3 to prevent rainwater from reaching the ground and mixing with dirt in an entire outdoor park or to constantly check the grounds for the presence of mud and cover the muddy ground with mats or tarps in an effort to prevent slipping. The imposition of guarding against the presence of mud in an outdoor park is an onerous burden that cannot be justified given the open and obvious condition of mud in any outdoor park following rainfall. We find, therefore, that C3 owed no duty legal duty to plaintiff to protect her from the open and obvious slippery condition created by the mud that caused her to fall and break her ankle.

¶ 26   Plaintiff has failed to establish the existence of a duty owed to her by C3 and thus cannot succeed on her negligence claim. *Waters v. City of Chicago*, 2012 IL App (1st) 100759, ¶ 12 ("Where no duty exists, the plaintiff cannot recover."). We therefore decline to consider plaintiff's remaining arguments regarding breach and causation.

¶ 27   For the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

¶ 28   Affirmed.