2020 IL App (1st) 190907-U

No. 1-19-0907

Order filed July 16, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CECILIA DOLGAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 4435 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Grant of summary judgment in favor of defendant affirmed where parties did not dispute physical condition of crosswalk on which plaintiff fell and where that condition was open and obvious based on the deposition testimony of the plaintiff.

¶ 2    Plaintiff Cecilia Dolgan appeals the circuit court's grant of summary judgment to defendant City of Chicago (City) in this negligence action. Plaintiff was injured when she fell while walking in a crosswalk in Chicago. Plaintiff argues the circuit court's grant of summary judgment was in error because two issues of material fact exist: whether the physical condition of the crosswalk

was open and obvious and, even if the condition of the crosswalk was open and obvious, whether the deliberate encounter exception to the open and obvious doctrine applies. We affirm.

¶ 3    Plaintiff sued the City for negligence, alleging that, on December 15, 2017, she fell and was injured while walking across a "broken, rough and unsafe" crosswalk at the intersection of West Granville Avenue and North Hamilton Avenue in Chicago.

¶ 4    At her deposition, plaintiff testified she was almost 80 years old at the time of this incident. Plaintiff traveled to Chicago from her home in the suburbs to attend her granddaughter's holiday program at Stone Academy. Plaintiff's son drove her to the school and parked his automobile on the south side of Granville Avenue, which is an east-west street, near the curb. Plainitff exited the parked vehicle and walked 10 to 20 feet westbound on the sidewalk parallel to Granville, approaching the crosswalk. She reached the southeast corner of the intersection of Granville and Hamilton.

¶ 5    The incident occurred at approximately 7:45 a.m., when it was "almost" light outside. The area of the crosswalk was "well lit." The weather was "clear and chilly," and there was no ice, snow, or rain on the ground. The pavement was dry. There was nothing covering the crosswalk that obstructed plaintiff's view of it. There was no construction at the crosswalk, and there was no debris aside from the "cracked crosswalk" itself. When asked if any portion of the pavement was broken or loose, plaintiff testified "it looked like there was some gravel."

¶ 6    Plaintiff "could see both the street and the crosswalk clearly." She was wearing contact lenses to correct her nearsightedness at the time of the incident. Plaintiff was with her husband when the incident occurred, but she was not talking to him, and she was not otherwise distracted "at all." She was not under the influence of any alcohol or drugs. She may have been taking blood

pressure medication at the time of this incident, but that medication did not affect her balance, and she had never experienced problems with her balance before. Plaintiff testified as follows:

"Q. Were you able to view the crosswalk clearly before you began crossing it?

A. Yes.

Q. Did you think that this crosswalk was something you should avoid?

A. Yes."

¶ 7    Plaintiff began walking across Granville from south to north using the crosswalk. She could feel the pavement was not flat, but she could not describe the height difference in the uneven section of pavement. Plaintiff tripped over something "near the center" of the crosswalk, but did not observe the condition or defect that caused her to fall. She testified "[s]ome kind of an imperfection in the pavement" caused her to fall because she "saw [her] foot roll over a bump." Approximately halfway across the crosswalk, plaintiff's left foot "went over like a little incline," propelling her forward. Plaintiff fell to her knees and her forehead struck the pavement. She was bleeding from her forehead and nose. A nearby police officer summoned an ambulance, which arrived and transported plaintiff to Swedish Covenant Hospital, where plaintiff received medical treatment.

¶ 8    In response to the City's written discovery requests, plaintiff produced seven photographs that purport to depict the crosswalk at issue.[1] The photographs depict one painted white stripe of a crosswalk, with faded paint and cracked pavement. The stripe is bisected by a gap, which is

---

[1] During plaintiff's deposition, her attorney stated he took these photographs on March 14, 2018. Plaintiff herself did not know who took the photographs or when, and was not present when they were taken.

slightly below street level and filled with gravel-like crumbled pavement. There is nothing covering or otherwise obscuring the gap in the crosswalk stripe.

¶ 9    The City's attorney showed these photographs to plaintiff at her deposition. When asked whether the photographs accurately depicted the crosswalk as it appeared on December 15, 2017, plaintiff testified the photographs "only show[ed] a portion [of the crosswalk]. It was a large patch, because it looked like the whole crosswalk was patched." Plaintiff was unable to identify the portion of the crosswalk that caused her to fall in the photographs because she "did not see" the defect before she fell. However, she testified that an "eroded surface" caused her to fall.

¶ 10    Plaintiff also testified the crosswalk in which she fell was "the closest crossing to where [her vehicle was] parked." She could have crossed Granville at a different location a "long city block" away.

¶ 11    The City filed a motion for summary judgment, arguing in relevant part that the City owed no legal duty of care to plaintiff because the condition of the crosswalk was open and obvious.

¶ 12    In response, plaintiff maintained the condition of the crosswalk was not open and obvious because it was "semi-dark" outside when she fell, and because the cracks in the crosswalk could only be seen up close, not from a distance. As exhibits to her response, plaintiff attached several photographs of a crosswalk on Granville taken from Google Maps' Street View feature. Some of these photographs are undated, but others purport to have been taken in November 2017, October 2014, and August 2014. Plaintiff submitted no testimony or affidavits regarding these photographs.

¶ 13    In its reply, the City argued that, even if it was dark outside at the time of this incident, darkness alone does not transform an open and obvious condition into a concealed one, and that plaintiff was in close proximity to the crack in the crosswalk and, therefore, could have seen it and

avoided it. As an exhibit, the City attached a still photograph from what appears to be a video recording made by a Chicago police officer's bodyworn camera. This photograph shows a woman in a red coat and dark pants lying on her right side on a concrete ramp leading from a crosswalk to a sidewalk. Only one stripe of the crosswalk is visible; the rest is either out of frame or obscured by a police vehicle. The City did not submit any testimony or affidavits regarding this still photograph.

¶ 14    The circuit court granted summary judgment in the City's favor on the basis of the open and obvious doctrine.[2]

¶ 15    Plaintiff timely appealed.[3]

¶ 16    On appeal, plaintiff contends the circuit court erred in granting summary judgment for the City because two questions of material fact exist. First, plaintiff argues that whether the condition of the crosswalk was open and obvious is a question for the trier of fact. Second, plaintiff contends that, even if the crosswalk was an open and obvious danger, the trier of fact should decide whether the deliberate encounter exception to the open and obvious doctrine applies.

---

[2] We note that the circuit court's April 4, 2019, order granting the City's motion for summary judgment is not included in the record on appeal. Rather, it is attached as an appendix to plaintiff's brief. Generally, we do not consider materials that are only included in an appendix to a brief, and not in the record, because the presentation of evidence in that manner is an improper supplementation of the record. See *People v. Williams*, 2012 IL App (1st) 100126, ¶ 27. However, because the City cites to the circuit court's order in the appendix to plaintiff's brief, and because the parties do not dispute the contents of the order, we take judicial notice of it. See *Village of Riverwoods v. BG  Limited Partnership*, 276 Ill. App. 3d 720, 724 (1995) ("judicial notice is proper where the document in question is part of the public record and where such notice will aid in the efficient disposition of a case"); *People v. Wright*, 2013 IL App (1st) 103232, ¶ 38 (taking judicial notice of a witness's plea agreement in an unrelated federal case that was not part of the record on appeal, but was in the appellant's appendix, and where there was no dispute it was an accurate copy of the plea agreement).

[3] Plaintiff's April 29, 2019, notice of appeal is not included in the record on appeal, either. However, we take judicial notice of the notice of appeal because it is available in this court's own files. See *People v. Alvarez-Garcia*, 395 Ill. App. 3d 719, 726-27 (2009).

¶ 17    We review the circuit court's grant of summary judgment *de novo*. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). *De novo* consideration means that a reviewing court performs the same analysis that a trial court would perform. *People v. Stephens*, 2017 IL App (1st) 151631, ¶ 48. Summary judgment is appropriate when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). Summary judgment should only be granted if the moving party's right to judgment is clear and free from doubt, and should not be granted if there is a dispute of material fact, or if the undisputed material facts could lead reasonable observers to different conclusions. *Forsythe*, 224 Ill. 2d at 280. On review, we construe the record strictly against the movant and liberally in favor of the nonmovant. *Forsythe*, 224 Ill. 2d at 280.

¶ 18    As an initial matter, the City argues plaintiff has forfeited her argument with respect to the open and obvious doctrine because her brief contains only a perfunctory analysis of that doctrine with no citations to authority, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. May 28, 2018). The City also contends plaintiff has forfeited her argument with respect to the deliberate encounter exception to the open and obvious doctrine because she did not raise that argument in response to the City's motion for summary judgment.

¶ 19    We do not find that plaintiff has forfeited her argument with respect to the open and obvious doctrine due to failure to comply with Rule 341(h)(7). The part of plaintiff's brief that addresses the open and obvious doctrine is indeed perfunctory, and it does not cite to authority. Underdeveloped contentions such as this one violate Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 36.

"However, waiver is an admonition to the parties, not a limitation upon the powers of courts of review." *L.D.S., LLC v. S. Cross Food, Ltd.*, 2011 IL App (1st) 102379, ¶ 29 (citing *Flynn v. Ryan*, 199 Ill. 2d 430, 438 n.1 (2002)). In the case at bar, the issue is straightforward and the record is short. The deficiencies in plaintiff's brief do not hinder our review. Thus, we will address plaintiff's argument concerning the open and obvious doctrine.

¶ 20    However, we find plaintiff has forfeited her argument as to the deliberate encounter exception.[4] An argument not raised in response to a summary judgment motion is forfeited on appeal. See *Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, 2012 IL App (1st) 102228, ¶ 50; *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 41 (arguments raised for the first time on appeal are forfeited). Plaintiff did not assert the deliberate encounter exception at any point in the circuit court. Her response to the City's summary judgment motion does not mention the deliberate encounter exception and it does not cite *LaFever v. Kemlite Co.*, 185 Ill. 2d 380 (1998), upon which plaintiff relies heavily on appeal. In addition, the deposition testimony of plaintiff does not relate any facts that would support the deliberate encounter exception. Thus, plaintiff has forfeited her argument as to the deliberate encounter exception, and we will only consider her argument with respect to the open and obvious doctrine.

¶ 21    In order to prove negligence, a plaintiff must prove duty, breach, proximate causation, and damages. *Enadeghe v. Dahms*, 2017 IL App (1st) 162170, ¶ 14. The open and obvious doctrine addresses the essential element of duty in a negligence action. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 34. "Absent a legal duty of care owed to the plaintiff, the defendant cannot

---

[4] The deliberate encounter rule is an exception to the open and obvious doctrine. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 20.

be found negligent." *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 20 (citing *Washington v. City of Chicago*, 188 Ill. 2d 235, 239 (1999)). "Consequently, '[i]n any negligence action, the court must first determine as a matter of law whether the defendant owed a duty to the plaintiff.' " *Ballog*, 2012 IL App (1st) 112429, ¶ 21 (quoting *Choate*, 2012 IL 112948, ¶ 34). "A duty of care arises when the law imposes 'upon defendant an obligation of reasonable conduct for the benefit of plaintiff.' " *Ballog*, 2012 IL App (1st) 112429, ¶ 21 (quoting *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990)).

¶ 22    Pursuant to Illinois' Tort Immunity Act, the City has a duty to "exercise ordinary care to maintain its property in a reasonably safe condition." 745 ILCS 10/3-102(a) (West 2016). However, under the open and obvious doctrine, the City " 'is not required to foresee and protect against an injury if [a] potentially dangerous condition is open and obvious.' " *Bruns*, 2014 IL 116998, ¶ 16 (quoting *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 44 (2003)). "With respect to conditions on land, generally there is no duty of care owed by the landowner regarding open and obvious conditions because the landowner 'could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition.' " *Ballog*, 2012 IL App (1st) 112429, ¶ 21 (quoting *Ward*, 136 Ill. 2d at 148).

¶ 23    " 'The term [o]bvious denotes that both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.' " *Ballog*, 2012 IL App (1st) 112429, ¶ 22 (quoting *Prostran v. City of Chicago*, 349 Ill. App. 3d 81, 85-86 (2004)). " 'Whether a condition is open and obvious depends on the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Ballog*, 2012 IL App (1st) 112429, ¶ 22 (quoting *Prostran*, 349 Ill. App.

3d at 86). The open and obvious doctrine applies to conditions such as defects in sidewalks. *Burns v. City of Chicago*, 2016 IL App (1st) 151925, ¶ 45. "The City can reasonably expect pedestrians will exercise reasonable care for their own safety upon confronting an open and obvious condition, making it unnecessary for the City to take additional precautions for the benefit of pedestrians." *Burns*, 2016 IL App (1st) 151925, ¶ 24 (citing *Ward*, 135 Ill. 2d at 156). "The condition itself serves as notice of the danger and risk to trigger a pedestrian's 'duty to exercise ordinary care for her own safety.' " *Burns*, 2016 IL App (1st) 151925, ¶ 24 (quoting *Prostran*, 349 Ill. App. 3d at 87). "Whether a dangerous condition is open and obvious may present a question of fact" (*Bruns*, 2014 IL 116998, ¶18), but "where no dispute exists as to the physical nature of the condition, whether the dangerous condition is open and obvious is a matter of law" (*Bruns*, 2014 IL 116998, ¶18).

¶ 24    Here, the parties do not dispute the physical condition of the crosswalk. The City does not contest that plaintiff's photographs fairly and accurately depict the condition of the crosswalk on December 15, 2017: "For the purposes of [the summary judgment] motion, neither party disputes the condition of the crosswalk–the condition of the crosswalk is exactly as shown in Plaintiff's photographs."[5] Plaintiff's relevant deposition testimony is undisputed as well, as the record on appeal does not contain any testimony or affidavits that contradict plaintiff's description of the

---

[5] We do not consider the Google Maps Street View photographs plaintiff submitted in her summary judgment response or the still photograph from the police officer's bodyworn camera video that the City submitted in its reply. No foundation was laid for these photographs because no witnesses with personal knowledge testified, either at deposition or by affidavit, that the photographs fairly and accurately depict the condition of the crosswalk on December 15, 2017. See *Gaunt & Haynes, Inc. v. Moritz Corp.*, 138 Ill. App. 3d 356, 364 (1985). Because no foundation was laid, these photographs would be inadmissible at trial, and evidence that would be inadmissible at trial cannot be considered at summary judgment. *Complete Conference Coordinators, Inc. v. Kumon North America, Inc.*, 394 Ill. App. 3d 105, 108 (2009).

crosswalk or her ability to observe it. Thus, based on plaintiff's photographs and deposition testimony, we can decide whether the condition of the crosswalk was open and obvious as a mater of law. *Bruns*, 2014 IL 116998, ¶ 18.

¶ 25 We find that the condition of the crosswalk was open and obvious based on plaintiff's deposition testimony. This exchange from plaintiff's deposition, in particular, is decisive:

> "Q. Were you able to view the crosswalk clearly before you began crossing it?
>
> A. Yes.
>
> Q. Did you think that this crosswalk was something you should avoid?
>
> A. Yes."

Even construing the record strictly in plaintiff's favor, as we must (*Forsythe*, 224 Ill. 2d at 280), there is simply no way to interpret this testimony as anything other than an admission that plaintiff observed the physical condition of the crosswalk, recognized it as a potential hazard, and proceeded to use it anyway. Plaintiff's testimony amounts to an admission the crosswalk was an open and obvious condition and can be interpreted no other way.

¶ 26 Many other facts established by plaintiff's deposition testimony support this conclusion. Nothing about the weather or lighting conditions obscured the crosswalk. Plaintiff testified it was "almost" light outside at the the time of the incident, the area was "well lit," and weather was "clear and chilly," with no precipitation in the air or on the pavement. No physical objects or construction debris or equipment covered the crosswalk. Nothing about plaintiff's physical state prevented her from observing the crosswalk, as she was wearing contacts, sober, and undistracted. Indeed, plaintiff confirmed she "could see both the street and the crosswalk clearly," and she described the crosswalk as cracked, with "some gravel."

¶ 27    Further, the photographs plaintiff produced in discovery, the accuracy of which the City does not dispute, support this conclusion. These photographs depict a gap in the crosswalk stripe that is plainly visible to the unassisted eye and that cuts diagonally across almost the entire crosswalk stripe. The darker color of the gap contrasts with the white (albeit faded) paint of the surrounding stripe, making it even more visible. Nothing is on top of or covering the gap in the crosswalk stripe, and cracked pavement surrounds it. A person of reasonable intelligence and perception using the crosswalk would have been able to observe this condition and would have known that it presented a tripping hazard. Thus, a reasonable trier of fact could only conclude the gap in the crosswalk was open and obvious. See *Prostran,* 349 Ill. App. 3d at 83-85 (granting summary judgment to the City where the plaintiff testified she used the sidewalk even though she was able to see that the sidewalk where she fell was "dug out," with a "[m]ixture of rocks and mud" in the hole); *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1029 (2005) (granting summary judgment to the City where the plaintiff fell in a "large five-by-six-foot section of the sidewalk [that] was missing most of its concrete surface, and the dirt underneath was exposed," as "any reasonable person exercising ordinary care in visiting this area would recognize and appreciate the risk involved in traversing this portion of the sidewalk and, specifically, the changes in elevation"). Accordingly, the circuit court's grant of summary judgment for the City based on the open and obvious doctrine was correct.

¶ 28    The only alleged factual dispute plaintiff identifies in her brief to this court is her claim it was "semi-dark" outside at the time of the incident. That claim is unsupported by the record. Plaintiff never testified it was "dark" or "semi-dark" at the time of her fall. On the contrary, plaintiff testified it was "almost light" out, that the area of the crosswalk was well lit, and that it

was a "clear" day. Plaintiff's counsel "cannot create a genuine issue of material fact in an effort to defeat a motion for summary judgment" by taking a position that "conflicts with [plaintiff's] prior sworn testimony." (Internal citations omitted.) *Wallace v. Alexian Brothers Medical Center*, 389 Ill. App. 3d 1081, 1090 (2009).

¶ 29    Even if we consider and take as true plaintiff's contention that sunrise occurred at 7:11 a.m. on December 15, 2017, it would arguably support the inference that plaintiff could observe the crosswalk, because it would mean this incident occurred approximately 35 minutes *after* sunrise. Thus, the record on appeal contains no admissible basis from which any rational factfinder could conclude that the physical condition of the crosswalk was obscured by darkness. Accordingly, the circuit court properly granted summary judgment in the City's favor.

¶ 30    For the reasons stated, we affirm the circuit court's grant of summary judgment in favor of the City.

¶ 31    Affirmed.